# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOSHUA VERDELL,

                Petitioner,      :      Case No. 3:19-cv-188

   - vs -                                  District Judge Thomas M. Rose
                                            Magistrate Judge Michael R. Merz

TIM BUCHANAN, Warden,
  Noble Correctional Institution,

                                      :
                Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case brought, *pro se* by Petitioner Joshua Verdell, is before the Court on Verdell's Objections (ECF No. 3) to the Magistrate Judge's Report and Recommendations recommending the case be dismissed (the "Report," ECF No. 2). Judge Rose has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 4).

Petitioner's Objections to the Report are all procedural.

First of all, he objects to the Magistrate Judge's analysis of the Petition under Rule 4 of the Rules Governing § 2254 Cases (the "Habeas Rules"). He argues Rule 4 is analogous to Fed.R.Civ.P. 12(b)(6) and "dismissal is only warranted if it appears 'beyond doubt that the [petitioner] can prove no set of facts in support of his claim which would entitled him to relief.'" (Objections, ECF No. 3, page 1 of 2, citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

*Conley* has been expressly overruled. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). But by its own terms, *Conley* applied only to cases governed by the Federal Rules of Civil

Procedure. Those Rules apply to habeas corpus cases only to the extent that the Habeas Rules do not make specific provision. Habeas Rule 12. Habeas Rule 4 requires a district court to determine whether the petition shows a petitioner is not entitled to relief.

At the present, when so many courts make their decisions available on the Internet, a habeas court is able to consider, in many cases, what decisions the state courts made on a petitioner's claims. When those claims have been fairly presented to the state courts and decided on the merits, a federal district court can evaluate the objective reasonableness of those decisions without requiring the production of the entire state court record.

That is what happened here. Verdell's Fifth Amendment claims under *Miranda v. Arizona*, 384 U.S. 436 (1966), were presented to and decided by the Ohio Second District Court of Appeals. *State v. Verdell,* 2nd Dist. Montgomery No. 27786, 2018-Ohio-4766, ¶ 2 (Nov. 30, 2018), appellate jurisdiction declined, 154 Ohio St. 3d 1522, 2019-Ohio-769. On the other hand, Verdell's Confrontation Clause claim was not presented on direct appeal and was also without merit and thus recommended for dismissal (Report, ECF No. 2, page 15 of 16).

Verdell asserts that "the inartfulness of the petition cannot serve as a catalysis [sic] for invidious discrimination and dismissal," (Objections, ECF No. 3, page 2 or 2, citing *Haines v. Kerner*, 404 U.S. 519 (1972). But the Report does not recommend dismissal on any such basis, but reaches the merits of Verdell's claims. Every habeas petitioner, whether represented by counsel or not, has his or her petition scrutinized under Rule 4, so there is not basis for a claim of "invidious discrimination."

Verdell does not respond at all to the substance of the Report; rather he asserts "the pleadings have not ripened for adjudication" and review at this point is "premature." *Id.* On the contrary, Rule 4 commands that such review take place before the Respondent is ordered to

answer. Verdell also objects that "[t]hee [sic] Magistrate also assumes defense for thee [sic] Respondent not yet plead, nor privileged under some immunity." *Id.* It is true that the Magistrate Judge has raised *sua sponte* the defense of procedural default as to Ground Two. However, the Sixth Circuit has expressly approved raising this defense *sua sponte*. *Sowell v. Bradshaw*, 372 F.3d 821, 830 (6th Cir. 2004); *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002)(§ 2254 capital case); *White v. Mitchell,* 431 F.3d 517, 514 (6th Cir. 2005)(capital case); *Elzy v. United States,* 205 F.3d 882 (6th Cir. 2000)(§ 2255 case).

**Conclusion**

Petitioner's objections are without merit and should be overruled. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 16, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.

3

A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).