# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOSHUA VERDELL,

              Petitioner,    :    Case No. 3:19-cv-188

  - vs -                                  District Judge Thomas M. Rose
                                           Magistrate Judge Michael R. Merz

TIM BUCHANAN, Warden,
  Noble Correctional Institution,

                                      :
              Respondent.

# SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case brought, *pro se* by Petitioner Joshua Verdell, is before the Court on Verdell's Objections (ECF No. 6) to the Magistrate Judge's Supplemental Report and Recommendations recommending the case be dismissed (the "Supplemental Report," ECF No. 5) which reached the same conclusions on reconsideration as the Magistrate Judge had reached in the original Report and Recommendations (the "Report," ECF No. 2). Judge Rose has recommitted the case to the Magistrate Judge for reconsideration in light of the most recent Objections (ECF No. 9).

Verdell makes two habeas claims, a Fifth Amendment claim about the failure to exclude his incriminating statements and a Confrontation Clause claim about the medic who was present at the scene of his arrest. The Report concluded that the decision of the Second District Court of Appeals on the self-incrimination claim was not an objectively unreasonable application of *Miranda v. Arizona,* 384 U.S. 436 (1966) or *Rhode Island v. Innis*, 446 U.S. 291 (1980)(ECF No.

2, PageID 12). As to the Confrontation Clause claim, the Report recommends it be dismissed as procedurally defaulted because it was not raised on direct appeal (ECF No. 2, PageID 18). Verdell's Objections to the Report were all procedural and the Supplemental Report recommended that they be overruled.

Verdell now objects that his Confrontation Clause claim should not be dismissed because "it was never presented on appeal. . . ." (ECF No. 6, PageID 31.) But that is precisely why it should be dismissed: a claim which could have been but was not presented on direct appeal is procedurally defaulted and may not be the basis of habeas relief. Failure to raise a constitutional issue at all on direct appeal is procedurally defaulted. *Wainwright v. Sykes*, 433 U.S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985).

Verdell objects to the Court's raising the procedural default issue *sua sponte*. However, the Sixth Circuit has held it is not inappropriate for the Court to raise a procedural default defense *sua sponte*. *Sowell v. Bradshaw*, 372 F.3d 821, 830 (6th Cir. 2004); *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002)(§ 2254 capital case)*; White v. Mitchell,* 431 F.3d 517, 514 (6th Cir. 2005)(capital case); *Elzy v. United States,* 205 F.3d 882 (6th Cir. 2000)(§ 2255 case). Moreover, Petitioner has now had notice in two Reports and Recommendations of the Magistrate Judge's intention to rely on procedural default and has had ample opportunity to show cause and prejudice, which he has failed to do. His suggestion that having the state court record filed would overcome the default is not persuasive -- whether or not the medic's failure to testify at the suppression hearing was a violation of the Confrontation Clause is an issue which could have been raised on direct appeal and was not.

It is not inappropriate for the Court to raise a procedural default defense *sua sponte*. *Sowell v. Bradshaw*, 372 F.3d 821, 830 (6th Cir. 2004); *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002)(§ 2254 capital case)*; White v. Mitchell,* 431 F.3d 517, 514 (6th Cir. 2005)(capital case); *Elzy v. United States,* 205 F.3d 882 (6th Cir. 2000)(§ 2255 case).

Petitioner's Objections are without merit and should be overruled. Because reasonable jurists would not disagree with this conclusion or the conclusions in the Report and Supplemental Report, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 7, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).